HOT SPOT DETECTOR, INC., appellant and cross-appellee, v. ROLFES ELECTRONICS CORPORATION et al., appellees and cross-appellants.

No. 49952.

(Reported in 102 N.W.2d 354.)

648

April 5, 1960.

Gibson, Stewart & Garrett, of Des Moines, for appellant and cross-appellee.

Brody, Parker, Miller, Roberts & Thoma, of Des Moines, Mahoney & Mahoney, of Boone, and Ooms, McDougall, Willis & Hersh, of Chicago, Illinois, for appellees and cross-appellants.

Garfield, J.—This is the first appeal submitted to us which involves solely questions arising under our discovery rules, 121

et seq., Rules of Civil Procedure, since they were changed in important respects in 1957. It concerns the propriety of certain written interrogatories filed by defendants under amended rule 121 to which plaintiff filed objections under rule 123.

Plaintiff's petition in equity seeks to enjoin defendants from utilizing its trade secrets and an accounting for profits and damages of $250,000 from the use thereof. Defendants counterclaimed for damages of $1,000,000 for plaintiff's alleged use of their trade secrets and violation of federal and state laws forbidding combinations in restraint of trade, monopolies and price fixing. Defendants also sought to enjoin plaintiff from disparaging their products or standing. Defendants then filed their interrogatories and plaintiff its objections thereto.

Plaintiff and defendants each make and sell thermostat controls and reporting systems for grain storage bins and buildings. The two defendants are affiliated companies which market their products under one trade name. The pleadings admit defendants employed ten of plaintiff's former employees. Plaintiff's petition alleges they possessed trade secrets used by it in the manufacture and sale of its products which defendants wrongfully acquired and used. Four trade secrets and five confidential papers and diagrams are referred to.

Defendants' answer denies any wrongful conduct on their part or that plaintiff's alleged trade secrets and items of confidential information are in fact such. It alleges plaintiff has not come into court with clean hands or proper motives, it has employed two of defendants' former employees, is engaging in the type of conduct of which it now complains, plaintiff and its parent corporation are engaging in unfair competition, price cutting and other monopolistic practices. Further reference to the counterclaim is unnecessary now.

Defendants' interrogatories are numbered one to 30. Plaintiff filed written objections to all and each of them. The trial court overruled the objections as to interrogatories 15, 24, 25, 26 and the first sentence of 23, and sustained the objections to the second sentence of 23 and all of the others. We granted each side an appeal, under rule 332, R. C. P., from this order. Plaintiff contends the overruled objections should have been sus-

tained and defendants that those sustained should have been overruled.

Insofar as now pertinent, rule 121, as amended in 1957, states "a party may * * * file in duplicate not over thirty numbered interrogatories to be answered by such adversary. Interrogatories may relate to any matters which can be inquired into under rule 143 * * *."

Rule 122, which has been in effect since our rules were adopted in 1943 and is important upon this appeal, provides: "Upon application to the court and showing good cause therefor the court may permit filing more than thirty interrogatories and may then specify the number which may be filed * * *."

Since, according to rule 121, supra, interrogatories are keyed to rule 143 in the scope of material that may be inquired into, we set out the pertinent part of amended rule 143 relating to depositions:

"* * * the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of the relevant facts; provided that a party shall not be required to list the witnesses he expects to call at the trial. It is not ground for objection that the tesimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

■■ Wheatley v. Heideman, 251 Iowa 695, 702, 102 N.W.2d 343, 348, considers one phase of our present discovery rules and holds they are to be interpreted broadly and liberally to effect their purpose, the trend being to broaden the scope of discovery so as to give litigants access to all material facts. Also that the test of relevancy under rule 143 is relevancy "to the subject matter involved in the pending action" rather than in determining admissibility of evidence upon a trial or relevancy to the precise issues in the pleadings and that interrogatories should not be disallowed as irrelevant unless clearly out-

side the scope of the case. Of course we adhere to these views now.

Although defendants' interrogatories are, as above stated, numbered one to 30, each number, except perhaps two, is followed by more than one interrogatory—some by as many as five or six. It is fair to say the 30 numbered interrogatories are really more than three times that number. For example interrogatory 1 refers to plaintiff's ten former employees whom defendants employed and asks that as to each of them plaintiff set forth the alleged trade secrets possessed by each, the date of imparting knowledge thereof to each, by whom such knowledge was imparted to each and state each and every fact and identify each and every document of which plaintiff has knowledge supporting the allegation that each such person knew such information was secret. Incidentally plaintiff's petition contains no such allegation as that just referred to.

Interrogatory 30 asks, as to each of the four alleged trade secrets and five items of confidential information referred to in plaintiff's petition, that it state in detail what measures it has taken throughout the period since their acquisition to prevent them from becoming public knowledge, including but not limited to restrictions imposed on its employees' contacts with outsiders or on access to its plant by outsiders and undertakings by its employees to maintain secrecy with respect thereto. As to each such measure so described in detail, list, identify by date and brief description and state the present whereabouts of each and every document of which plaintiff has knowledge that relates to such measure.

Rule 121 fixes 30 as the maximum number of interrogatories that may be filed as of right. Our rules differ from the federal rules in that the latter prescribe no such limit. Rule 122 plainly contemplates that more than 30 interrogatories may be filed only after application to the trial court and showing good cause therefor. Upon such application and showing the court may permit more than 30 and may then specify the number which may be filed.

So far as the record shows defendants made no application to the court nor showing of good cause at any time for

permission to file more than 30 interrogatories, nor was the court asked to specify the number which might be filed. Defendants' lack of compliance with rule 122 (in effect since 1943) must be deemed substantial, not merely technical. No adequate explanation therefor appears. Plaintiff duly objected to the filing of more than 30 interrogatories without a showing of good cause or permission of the court.

The order from which these appeals were taken refers to the multiple character of the interrogatories and that each incorporates many inquiries but states the court believes it proper to dispose of the interrogatories on their merits and therefore rules on the objections to each interrogatory. The court then sustained other objections to the interrogatories that were disallowed than the one based on defendants' lack of compliance with rule 122.

██ ██ We are committed to the rule we must affirm the trial court if any sufficient basis appears in the record therefor even though the ruling was placed upon different grounds. The burden is upon an appellant to demonstrate error and this he has not done if the record shows proper support for the ruling complained of. The court could well have placed its ruling disallowing many of the interrogatories upon defendants' lack of compliance with rule 122 and we uphold it, insofar as it is unfavorable to defendants, upon that ground. We therefore think defendants are entitled to no relief upon their appeal. See in support of the views just stated Stover v. Central Broadcasting Co., 247 Iowa 1325, 1330, 1331, 78 N.W.2d 1, 4, and citations; Stenberg v. Buckley, 245 Iowa 622, 633, 61 N.W.2d 452, 458. See also Bennett v. Powell, 284 Mass. 246, 187 N.E. 559, 560; 27 C. J. S., Discovery, section 61a, page 184.

██ On plaintiff's appeal from the allowance of four of defendants' interrogatories and part of a fifth (No. 23), we think the fact more than 30 interrogatories were filed (to which only 30 numbers were assigned) does not entitle plaintiff to a reversal. Plaintiff seems to concede this in its brief by saying, "It is of course true that plaintiff can, on appeal, avail itself of only those objections which apply to interrogatories 15, 23 (first sentence), 24, 25 and 26." It then proceeds to argue that these

four and one-half interrogatories which were allowed really consist of more than 30. But we cannot agree with this view. We think the interrogatories which were allowed contain not more than about 20 questions under any reasonable plan of numbering. We proceed then to consider, on plaintiff's appeal, whether its objections to interrogatories allowed were erroneously overruled.

Plaintiff's petition alleges one of its trade secrets defendants wrongfully acquired was a system for remote switching which is the subject of Patent Application 467,312, filed November 8, 1954. Interrogatory 15 asks further particulars in four respects as to this application. Plaintiff objected to the interrogatory on the grounds it would require considerable research to answer, the information sought would be available to defendants from public records and it appears to be immaterial.

Plaintiff's argument here in support of this objection is mainly that the information sought is confidential and privileged. It is not argued it would require considerable research to furnish and it is conceded the objection the information is a matter of public record is not valid aside from its claim of privilege. It is contended the information is irrelevant because the action is not based on patent infringement but upon wrongful appropriation of trade secrets.

The contention the information interrogatory 15 seeks is irrelevant to the subject matter involved in the action, within the meaning of our rules 121 and 143, cannot be accepted. It is not clearly outside the scope, or—as some of the decisions state—the "borders", of the case. Wheatley v. Heideman, supra, and citations (at page 703 of 251 Iowa, page 349 of 102 N.W.2d); V. D. Anderson Co. v. Helena Cotton Oil Co. (D.C. Ark.), 117 F. Supp. 932, 940, 941.

■■ The main objection urged here to interrogatory 15, that the desired information is confidential and privileged, was not made in the trial court and may not be asserted for the first time in this court. Frederick v. Goff, 251 Iowa 290, 296, 100 N.W.2d 624, 628, and citations; Stover v. Central Broadcasting Co., supra, 247 Iowa 1325, 1329, 1330, 78 N.W.2d 1, 4, and

citations ("* * * the objections must be sufficiently specific to point out to the court the claimed reason why each interrogatory need not be answered. * * * 'The burden is upon the objector to show that the answer is privileged * * *.'"); 27 C. J. S., Discovery, section 61b, page 185.

 Plaintiff's petition alleges defendants sold temperature measuring devices which embody its trade secrets and this has caused it to lose sales of its device, with diminished profits therefrom. The first sentence of interrogatory 23 asks that plaintiff set forth the amount of such sales and profits for each month from January 1956. Plaintiff's objection to the interrogatory, so far as applicable to the sentence allowed, is that it would require extensive research and a long answer and the demand is vexatious, oppressive and burdensome.

We think the objection was properly overruled. Plaintiff pleaded in general terms loss of sales of one of its devices, with diminished profits, from alleged wrongful conduct of defendants. Presumably plaintiff is prepared to prove this allegation. If it is to prevail upon the issue it must offer upon the trial such detailed information as the first sentence of interrogatory 23 requests. The main effect of overruling the objection is to advance the time when the information must be furnished. This serves an important purpose of discovery rules. Hickman v. Taylor, 329 U. S. 495, 507, 67 S. Ct. 385, 392, 91 L. Ed. 451, 460.

When as here, interrogatories seek particulars of matters alleged generally in the pleadings of the interrogated party such objections as plaintiff made to interrogatory 23 are ordinarily not valid. Carter v. Atlanta Enterprises (D. C. Ga.), 19 F. R. D. 362; Kainz v. Anheuser-Busch, Inc. (D. C. Ill.), 15 F. R. D. 242, 252, and citations; Cook Paint & Varnish Co. v. Cook Chemical Co. (D. C. Mo.), 8 F. R. D. 93; Bowles v. McMinnville Mfg. Co. (D. C. Tenn.), 7 F. R. D. 64. See also R. C. A. Mfg. Co. v. Decca Records (D. C. N. Y.), 1 F. R. D. 433, 435; 4 Moore's Federal Practice, Second Ed., section 33.20, page 2315. These authorities fully support our conclusion as to interrogatory 23.

Interrogatory 24 asks that plaintiff describe each and every book and document of which it has knowledge, including loca-

tion thereof and in whose custody same may be found, which supports any allegation in its petition. Plaintiff's objection is that an answer would require extensive research, the demand is vexatious, oppressive and burdensome, is too broad and calls for plaintiff's opinion and conclusion.

If the information sought is a proper object of discovery it is ordinarily not a valid objection that an answer will require extensive research or the demand is vexatious, oppressive or burdensome. Adelman v. Nordberg Mfg. Co. (D. C. Wis.), 6 F. R. D. 383; authorities last above. In any event we think it was not an abuse of discretion to overrule these grounds of the objection. The trial court has reasonable discretion in determining whether interrogatories should be answered and its action in this respect will not be disturbed except in case of abuse of such discretion. Newell v. Phillips Petroleum Co., 10 Cir., Okla., 144 F.2d 338, 340.

We think interrogatory 24 is too broad in requesting a description of every book and document which supports *any* allegation in plaintiff's petition. Defendants' answer admits some important allegations of the petition. The controverted ones are relatively few. We see no need for plaintiff to furnish information in support of admitted allegations. The ruling appealed from is modified to the extent the information interrogatory 24 requests is to be furnished provided it supports any controverted allegation in the petition.

Although there is nothing in our rules or the federal discovery rules to the effect opinions or conclusions may not be required, it has frequently been said interrogatories should not call for opinions or conclusions. Kyker v. Malone Freight Lines (D. C. Tenn.), 17 F. R. D. 393, 394; Onofrio v. American Beauty Macaroni Co. (D. C. Mo.), 11 F. R. D. 181, 184; Kraft v. Washington and Jefferson College (D. C. Pa.), 11 F. R. D. 503, 504; Porter v. Montaldo's (D. C. Ohio), 71 F. Supp. 372, 374.

However, the view expressed in these opinions is not inflexible. And a litigant is entitled to know what his adversary contends the facts to be which are germane to the action. Citations last above. Also Forsythe v. Baltimore & O. R. Co. (D. C. Pa.),

15 F. R. D. 191; Kainz v. Anheuser-Busch, Inc., supra. (D. C. Ill.), 15 F. R. D. 242, 253; Webster Motor Car Co. v. Packard Motor Car Co. (D. C. Dist. Col.), 16 F. R. D. 350, 351.

Olsen v. St. Anthony Machine Products Co. (D. C. Minn.), 18 F. R. D. 313, 316, aptly observes "sometimes the border line between factual disclosure and a calling for opinion is not too clear and the courts should be liberal in construing interrogatories in harmony with the spirit of the new rules."

4 Moore's Federal Practice, Second Ed., section 33.17, page 2311: "In passing upon objections to interrogatories the question before the court should not be whether, as a theoretical matter, the interrogatory calls for an expression of opinion, but whether an answer would serve any substantial purpose. * * * The considerations in favor of allowing interrogatories as to the contentions of the parties are even stronger."

See also Interborough News Co. v. Curtis Publishing Co. (D. C. N. Y.), 14 F. R. D. 408; Taylor v. Sound Steamship Lines (D. C. Conn.), 100 F. Supp. 388, 389. We approve the language just quoted.

To furnish the information interrogatory 24 requests, insofar as modified herein, does call for a measure of discretion and perhaps opinion or conclusion on plaintiff's part. But the books and documents to be listed are not objectionable as opinions or conclusions. We are not persuaded it was error to overrule this ground of the objection to No. 24. Rule 143, to which—as stated —121 is keyed, provides that the interrogated party may be examined regarding any relevant matter, including the description, custody and location of any books, documents or other tangible things and the identity and location of persons having knowledge of the relevant facts. Interrogatory 24 seems to come within the contemplation of our rules.

Interrogatories 25 and 26 may be considered together. Interrogatory 25 asks whether plaintiff distributed newspaper clippings or other information regarding this litigation to its salesmen and employees and, if so, the name and address of each, the instructions given them and what use they made thereof and particulars of any statements they made pertaining thereto. Interrogatory 26 asks whether any of plaintiff's salesmen or

employees made any of eight disparaging statements regarding either defendant and, if so, the name and address of each and particulars of the statements made.

Plaintiff objected to 25 as requiring extensive investigations, probably impossible to answer, irrelevant to any issue in the case, relating to events that occurred after this litigation commenced, vexatious and burdensome. Interrogatory 26 was objected to as calling for hearsay and irrelevant to any issue in the case.

We are not inclined to interfere with the trial court's allowance of 25 and 26. Neither is clearly irrelevant to the subject matter involved in the action. Defendants' answer alleges plaintiff has been and still is engaging in a planned campaign to vilify their products and destroy defendants. The counterclaim seeks recovery for this alleged wrongful conduct and related acts.

That part of the requested information may relate to events subsequent to commencement of the action is not necessarily a valid objection. Caldwell-Clements, Inc. v. McGraw-Hill Publishing Co., Inc. (D. C. N. Y.), 12 F. R. D. 531, 535; Conmar Products Corp. v. Lamar Slide Fastener Corp. (D. C. N. Y.), 2 F. R. D. 154, 156.

Our rule 143, heretofore quoted, now provides it is not ground for objection that the information sought will be inadmissible at the trial if it appears reasonably calculated to lead to the discovery of admissible evidence. See Wheatley v. Heideman, supra, 251 Iowa 695, 703, 102 N.W.2d 343, 348, and citations.

Interrogatory 26 and perhaps 25 may require plaintiff to interrogate its salesmen or other employees. (There is no showing as to their number.) This seems not to afford good ground for objection. Rule 124 as amended requires a party not a natural person to "furnish such information as is available to the party." See Article by Prof. Allan D. Vestal, 43 Iowa Law Review 8, 26. Also Kainz v. Anheuser-Busch, Inc. (D. C. Ill.), supra, 15 F. R. D. 242, 251; Webster Motor Car Co. v. Packard Motor Car Co. (D. C. Dist. Col.), supra, 16 F. R. D. 350.

That the information requested by interrogatories 25 and 26 relates to defendants' case as made by their answer and counterclaim does not make the requests objectionable. The information sought may relate "to the claim or defense of the examining party or to the claim or defense of any other party * * *." Rule 143. See also R. C. A. Mfg. Co. v. Decca Records (D. C., N. Y.), supra, 1 F. R. D. 433, 435; Adelman v. Nordberg Mfg. Co. (D. C. Wis.), supra, 6 F. R. D. 383, 384. "Of course, a party may inquire into matters relating to *his own* case." 4 Moore's Federal Practice, Second Ed., section 33.14, page 2296.

Upon defendants' appeal the order filed November 19, 1959, is affirmed. Upon plaintiff's appeal it is modified in the respect herein stated and affirmed; costs to be evenly divided.

All JUSTICES concur except OLIVER, J., not sitting.