DIANA L. CAVE, by next friend and father, James D. Cave, petitioner, v. RAY C. FOUNTAIN, Judge, respondent.

No. 52103.

(Reported in 142 N.W.2d 436)

MAY 3, 1966.

Duffield, Pinegar & Tapscott, by Richard L. Pinegar, of Des Moines, for petitioner.

Cosson, Christianson & Hohnbaum, by Donald Hohnbaum, of Des Moines, for respondent.

SNELL, J.—Petitioner, by certiorari, challenges the legality of the trial court's ex parte order to answer eighty interrogatories. The propriety of the questions asked, if presented upon proper hearing, is not before us. The real question is the procedure to be followed under rules 121, 122 and 123, Rules of Civil Procedure, viewed in the light of other applicable and interpreting rules.

Many of the points argued have been previously answered but petitioner suggests and this case indicates the need for further clarification or guidelines.

Petitioner herein is a plaintiff in a damage action pending in Polk District Court. Respondent herein is a judge of the district court. Upon petitioner's request we granted certiorari. The record is before us pursuant to our order.

Petitioner, while a passenger, was injured in an intersection collision of two automobiles. Her action at law for damages was filed August 31, 1965, and notice was served. Appearance in behalf of defendants herein was filed September 11, 1965.

On October 4, 1965, defendants filed answer and at the same time filed interrogatories to be answered by petitioner and her father who was also a plaintiff. Petitioner is a minor. Her action is by her next friend and father. The questions asked the father have been answered and are not involved herein.

Objections to the interrogatories propounded to petitioner

were filed and on December 27, 1965, were sustained "without prejudice to the defendant to file interrogatories that comply with the Iowa Rules, Civil Procedure."

On January 4, 1966, at 9:53 a.m. defendants filed application for additional interrogatories and eighty numbered interrogatories to be answered by petitioner herein. At 9:51 a.m. on the same day there was filed the order of the district court allowing interrogatories not to exceed "the number of eighty" to be answered "under oath which interrogatories shall be filed within the next ten days and which interrogatories shall be answered within fifteen days thereafter." The fact that the order for interrogatories was filed before the application (by two minutes) is of no significance except to show that the procedure was summary in nature, ex parte, without notice and with no opportunity for the adverse party to be heard.

On January 7, 1966, plaintiff (petitioner herein) filed objections in district court. This was within the time permitted by rule 123, Rules of Civil Procedure, but three days subsequent to the order to answer.

I. For the purpose of procedure an application for permission to file additional interrogatories is a motion.

It is an application for an order. See rules 109, 122 and 177(d), Rules of Civil Procedure. Rule 109, Rules of Civil Procedure, provides "A motion is an application made by any party or interested person for an order." In Nehring v. Smith, 243 Iowa 225, 230, 49 N.W.2d 831, we said interrogatories are at least in the nature of a motion.

In Chandler v. Taylor, 234 Iowa 287, 293, 12 N.W.2d 590, we said an application for production of books and papers is a motion.

II. Necessity for answers to interrogatories may appear from the petition, answer, the interrogatories and counsel's signature. Rule 80, Rules of Civil Procedure. Nehring v. Smith, supra, loc. cit. 229. If such necessity so appears separate showing by affidavit or evidence is not a prerequisite to an order. In Reeves v. Penaluna, 246 Iowa 77, 79, 66 N.W.2d 864, we said: "Dire necessity in the furtherance of justice demanded such a

holding." These cases dealt with the manner and not the need for a showing.

In Chandler v. Taylor, supra, and in Kaltenheuser v. Sesker, 255 Iowa 110, 115, 121 N.W.2d 672, we held that there must be a showing of need.

■ Rule 122, Rules of Civil Procedure, requires a showing of good cause for propounding more than thirty interrogatories but neither prescribes nor proscribes methods incident to such showing. This does not mean that an order therefor may be ex parte. See Division VII, infra.

■ III. The rules as to discovery are to be liberally interpreted. Nehring v. Smith, supra, loc. cit. 228.

■ "The trial court has reasonable discretion in determining whether interrogatories should be answered and its action in this respect will not be disturbed except in case of abuse of such discretion." Hot Spot Detector, Inc. v. Rolfes Electronics Corporation, 251 Iowa 647, 656, 102 N.W.2d 354.

This last statement was made in relation to the interrogatories themselves and not as to the procedure.

IV. If, and we have so held, for the purpose of procedure an application such as we have here is a motion it should be so treated.

Rule 117, Rules of Civil Procedure, provides that the judges of each judicial district shall provide by rule for regular motion days. The rule provides for submission of motions on regular motion days.

Litigants are required to take notice of all motions and of the regular motion day on which they will be heard. Rule 114, Rules of Civil Procedure.

Rule 117(b) provides: "The court may hear and rule on any motion prior to motion day so as not to delay completing the issues or trial of the case."

There are, of course, emergency matters requiring immediate action but when ordinary motions including applications such as we have here are to be heard other than in regular order procedure is provided by rule 115, Rules of Civil Procedure. This rule says:

"Discretionary notice. The court may require counsel to be

apprised, in any manner it directs, of the time and place at which it will hear or act on any motion, application or other matter other than at the regular motion day or pursuant to general assignment. This rule shall be applied to expedite, not to delay, hearings and submissions."

In ordinary matters good practice requires an opportunity to be heard. We know of no procedure approving the summary ex parte disposition of such matters when as here they would be heard in regular order within four days or eleven days depending on when objections were filed.

An ex parte order may be attacked by motion to vacate but resort thereto should not be necessary when as indicated, infra, a more orderly and expeditious procedure is available.

V. Pursuant to the direction of rule 117, Rules of Civil Procedure, the judges of Polk District Court have prescribed rules. Rule 12(b) provides:

"Friday afternoon of each week at 3 o'clock P.M., is hereby designated as motion day in all divisions of this Court * * * for all motions filed on or before the preceding Tuesday * * *."

Rule 12(c) provides:

"On Wednesday of each week the assignment judge shall assign to the various departments of the Law Division all motions, objections to interrogatories and preliminary applications which require rulings, which have been filed in law cases on or before the preceding Tuesday and the same shall be peremptorily heard on the following Friday at 3 o'clock P.M."

Rule 123, Rules of Civil Procedure, provides that interrogatories shall be answered or objections filed within seven days. The interrogatories in the case at bar were filed Tuesday, January 4, 1966. Friday, January 7, was the next regular motion day. If plaintiff took the full time permitted to file objections, i.e., until January 11, the whole matter under local rule 12(c) would have been peremptorily heard on January 14, 1966. There was no need for summary ex parte disposition on January 4.

VI. Rule 121, Rules of Civil Procedure, authorizes the filing of not over thirty numbered interrogatories to be answered by an adversary.

Rule 122, Rules of Civil Procedure, says:

"More than thirty. Upon application to the court and showing good cause therefor the court may permit filing more than thirty interrogatories and may then specify the number which may be filed, and the time for filing and answering them."

Rule 123, Rules of Civil Procedure, as revised, now provides:

"Objections—time to answer. The · clerk shall deliver the copy of the interrogatories as provided in rule 82. The party to whom the interrogatories are directed shall file either answers thereto or objections to their propriety within seven days after they are filed, unless the court for good cause, but not ex parte, shall enlarge the time. If objections are filed to any of the interrogatories, any required answer to those to which objections are made shall be deferred until seven days after the objections are ruled upon unless otherwise ordered by the court. This rule shall not limit the right to object to the answers if offered in evidence."

Under this rule the party to whom the interrogatories are directed has seven days within which to answer or object. The court may not ex parte enlarge the time. If the court under the rule may not ex parte enlarge the time it is an obvious non sequitur to say that the court may ex parte shorten the time by entering an order for answers before the time for objections has passed.

A motion to vacate an order prematurely entered would be available but it would be comparably cumbersome and should be unnecessary when orderly and expeditious procedure is provided by the rules. Two or more separate hearings are not within the contemplation of the rules when one will suffice.

VII. We hold:

1. Under our Rules of Civil Procedure an application for permission to propound more than thirty interrogatories is a motion.

2. Parties are entitled to be heard.

3. The entry of an ex parte order to answer before the expiration of the seven days allowed for answer or objection is premature.

4. Upon the filing of objections or the expiration of seven

days after filing of the application the matter should be assigned for hearing as any other motion and pursuant to applicable rules.

5. The right to be heard necessarily implies the right to know when the hearing will be held. The parties are charged with notice of matters assigned for regular motion days.

6. If a hearing is set for a time other than the regular motion day under rule 117(b) reasonable notice thereof should be given to counsel in such manner as court directs.

7. Good cause for filing more than thirty interrogatories must be shown but in connection therewith the rules are to be liberally interpreted. The filing of an affidavit in support of the application is not jurisdictional.

The writ of certiorari is sustained. The case is remanded to the district court with directions to expunge the order of January 4, 1966, ordering answers to not more than eighty interrogatories. The application and objections should be assigned for hearing in regular order. After hearing the court should make such order relative to answers as appears proper.—Writ sustained and case remanded with directions.

GARFIELD, C. J., and LARSON, THORNTON, MOORE, STUART, MASON and RAWLINGS, JJ., concur.