Timothy FARLEY, Plaintiff,

v.

M. D. SEISER, Judge of the Second Judicial District of Iowa, and District Court Story County, at Nevada, Iowa, Defendants.

No. 66317.

Supreme Court of Iowa.

March 17, 1982.

Richard Karr of Karr, Karr & Karr, P. C., Webster City, for plaintiff.

John A. McClintock and Chester C. Woodburn III, of Hansen, McClintock & Riley, Des Moines, for defendants.

REYNOLDSON, Chief Justice.

In the malpractice action underlying this certiorari proceeding the defendants, a medical clinic and doctor, moved to take the discovery deposition of plaintiff's medical expert in Minnesota. They further requested that plaintiff be prevented from offering any portion of the deposition into evidence at trial and that defendants have sufficient time to study the deposition and confer with their attorneys and experts before being required to cross-examine the plaintiff's expert on deposition or at trial. Trial court's ruling sustained the motion, incorporated all the relief sought by the defendants, and provided the deposition could be taken by telephone conference. We granted plaintiff's petition for certiorari and now sustain the writ.

I. Plaintiff asserts trial court drew a distinction between "discovery" and "evidentiary" depositions by granting a protective order prohibiting plaintiff's use of the deposition at trial. This, plaintiff asserts, violates both Iowa Rule of Civil Procedure 144(c)[1] and our holding in Osborn v. Mas-

---

1. Iowa R.Civ.P. 144 in relevant part reads:

Any part of a deposition, so far as admissible under the rules of evidence, may be used upon the trial or at an interlocutory hearing or upon the hearing of a motion in the same action against any party who appeared when it was taken, or stipulated therefor, or had due notice thereof, either:

. . . .

(c) For any purpose, if the court finds that the offeror was unable to procure deponent's presence at the trial by subpoena; or that deponent is out of the state or more than one hundred miles distant from the trial, and such absence was not procured by the offeror; or that deponent is dead, or unable to testify because of age, illness, infirmity or imprisonment.

Rule 144 was developed using the Federal Rules of Civil Procedure as a model. Vestal, *New Iowa Discovery Rules*, 43 Iowa L.Rev. 8,

*sey-Ferguson, Inc.*, 290 N.W.2d 893, 897 (Iowa 1980).

In *Osborn* the plaintiff complained that defendant should not have been permitted to object at trial to plaintiff's reading of certain portions of a deposition the defendant took. Defendant countered that the deposition was intended only for discovery and, therefore, was inadmissible anyway. Responding to defendant's contention, we held:

> We are unable to agree. There is no basis in law (Iowa Rules of Civil Procedure) or fact to support such a proposition. The Iowa Rules of Civil Procedure make no distinction between discovery depositions and depositions to be used at trial. Iowa R.Civ.P. 140–58. We are not concerned here with a deposition to perpetuate testimony under Iowa R.Civ.P. 159–66.
>
> The Court properly allowed the deposition into evidence under the authority of Iowa R.Civ.P. 144(c).

*Osborn*, 290 N.W.2d at 897 (footnote omitted).

Counsel for trial court argue our decisions liberalizing admission of opinion testimony make cross-examination of the expert more important. Therefore, it is vital to know, before cross-examination, the expert's qualifications, the foundation facts furnished him or her, and his or her opinions and conclusions. Essential knowledge in these areas cannot be obtained, they assert, by written interrogatories. To cap the point, they set out the vague responses made by plaintiff in response to interrogatories designed to elicit this information. Counsel further argue the jury would be confused if the defense was required to object to its own deposition questions if the same were read into evidence at trial. They seek to distinguish *Osborn* on the bases that those parties stipulated when the deposition was taken that it could be read at trial, and that there was no motion for a protective order. Finally, counsel defends trial court's order here on the grounds that it was a permissible rule 123 protective order; that parties wishing to depose an

out-of-state expert should not be "required" to do so "at their own peril"; and that permitting such a deposition to be placed in evidence would defeat the spirit of discovery.

Trial court, ruling on the motion for protective order, found that "[t]he Osborn decision does have a chilling effect on discovery unless a protective order is entered." It found further authority for its ruling in Iowa Rule of Civil Procedure 124, stating that rule "does contemplate that the Court may make orders as to the taking of depositions in sequence when that is appropriate."

II. We do not agree. Although our discovery rules afford many areas for the exercise of trial court discretion, *see e.g., Suckow v. Boone State Bank & Trust Co.*, 314 N.W.2d 421, (Iowa 1982); *Vorthman v. Keith E. Myers Enterprises*, 296 N.W.2d 772, 779 (Iowa 1980); *Hot Spot Detector, Inc. v. Rolfes Electronics Corp.*, 251 Iowa 647, 656, 102 N.W.2d 354, 361 (1960), the language of rule 144(c) and our *Osborn* holding leave no room for the exercise of judgment in the circumstances of this case. There are no provisions in our rules for a "trial run" discovery deposition in this situation.

III. Nor are we convinced rule 144(c) can be nullified by a rule 123 protective order. That rule permits trial court, "for good cause shown," to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The rule sets out eight possible protective orders, none of which are designed to protect the party seeking discovery, but rather they appear designed to limit discovery or its effect. In any event, the trial court's order in this case was not a regulation of discovery, but a limitation on evidence. Counsel for trial court make no convincing argument that this protective order was necessary to protect the malpractice case defendants from "annoyance, embarrassment, oppression, or undue burden or expense."

IV. Similarly, we can find no authority in rule 124 ("Sequence and timing of dis-

11–13 (1957). Currently, the analogous federal rule is 32(a).

covery") for a protective order that in effect would nullify rule 144(c). Insofar as relevant here, rule 124 provides the *methods* of discovery may be used in any sequence unless the court upon motion orders otherwise "for the convenience of parties and witnesses and in the interests of justice." Of course, the issue here does not involve method of discovery, but whether the discovery deposition of an out-of-state witness may be excluded from evidence.

Our conviction the relief dictated by trial court's ruling is not authorized by our rules is reinforced by our belief that it would inject a new, duplicitous, and costly proceeding into discovery processes that are already under thoughtful criticism for being too expensive. *See* Rifkind, *Are We Asking Too Much of Our Courts?*, in *The Pound Conference: Perspectives on justice in the future* 51, 61–62 (A. Levin & R. Wheeler eds. 1979); Aldisert, *State Courts and Federalism in the 1980's: Comment*, 22 Wm. & Mary L.Rev. 821, 841 (1981); Smith, *The Concern Over Discovery*, 28 Drake L.Rev. 51 (1978–79). The malpractice case defendants have available the rule 134 remedies to compel plaintiff to make his answers to interrogatories fully responsive. Iowa R.Civ.P. 126(a). They may move for an order compelling the plaintiff to submit to a physical examination. Iowa R.Civ.P. 132. We find no compelling reason to limit the reach of rule 144(c).

We sustain the writ and remand to district court for nullification of the above ruling. Plaintiff's certification of printing costs is greatly in excess of permissible rates. The clerk shall assess printing costs as provided in Iowa Rule of Appellate Procedure 16(c). *See State v. Pedersen*, 309 N.W.2d 490, 501 (Iowa 1981).

WRIT SUSTAINED.

All Justices concur except HARRIS, J., who takes no part.