**UNITED STATES**
v.
**NEW WRINKLE, INC., et al.**
**Civ. No. 1006.**

United States District Court,
S. D. Ohio, W. D.
March 10, 1954.

Lester P. Kauffmann, Dept. of Justice, Antitrust Division, Cleveland, Ohio, for plaintiff.

Toulmin & Toulmin and Pickrel, Schaeffer & Ebeling, Dayton, Ohio, for defendants.

CECIL, District Judge.

Counsel on behalf of the defendant, New Wrinkle, Inc., submitted a series of twelve requests for admissions to the plaintiff, United States of America. Plaintiff made answer to all of the requests except Nos. 7, 8, 9 and 10. To these requests objections were made. These objections are now before the court for determination.

An examination of requests 7, 8, 9 and 10 discloses that they contain requests for a statement of facts rather than a statement of fact for admission or denial.

Rule 36(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides for requests for admissions. Since requests 7, 8, 9 and 10 do not contain statements of fact which may be admitted or denied, the objections of the plaintiff will be sustained.

Counsel for defendant argue that if the objectionable requests were proper under any rule of procedure, the court should overrule the objection. The court is not concerned with the number of a rule and whether or not the number is cited. The court is concerned with the subject matter. The court is of the opinion, however, that the subject matter of the various rules of discovery should not be mixed. Any other interpretation would cause confusion for both counsel and the court and would lead to such an irresponsibility of practice that papers would be filed

containing requests with no clear cut theory of their purpose. The purpose of the rules is clear and counsel can and should conform to them.

■ These rules of discovery are very broad. It is the disposition of this court to not only comply with them literally, but to comply with them in spirit and endeavor to carry out the purpose for which they were intended. It will, however, be the intention of this court not to enlarge them or stretch them out of proportion.

The case of Knowlton v. Atchison T. & S. F. Railway Co., D.C., 11 F.R.D. 62, has been cited by counsel for both sides in support of their contentions. This case arose on objections to requests for admissions. The district judge who decided the case held that the requests were proper and that the objections should be overruled. The opinion does not set forth the nature of the requests that were made. The case is, therefore, not very helpful to this court in determining whether the specific requests made in this case are good or bad.

■ Various principles relative to the rules of discovery and particularly the rule for admissions are set forth in the syllabi of the case. This court is not in accord with all of the principles thus announced. In view of the discussion presented in the brief of counsel for defendant, the court desires to call attention particularly to syllabi 13, 14, 15, 16 and 17. Requests for admissions should be "simple and direct;" they should be limited to "singular relevant facts;" should not "be so framed as to permit voluntary statements or unresponsive matter to be inserted in the responses made thereto by the adverse party." They should not "be used to discover facts as such, but should be directed to those facts in issue, the truth of which is apparent and may be shown not to have been substantially controverted after trial has been completed." And finally, if a "party desires to sound out an adversary's knowledge relative to existence of facts, that should be done by resort to discovery methods other than method provided for by federal rule of civil procedure dealing with requests for admissions of facts."

An order may be drawn in accordance with the ruling herein made.