Ethel **MEIXSELL,** Administratrix D.B.N. of the Estate of Lambert C. Saddler, Deceased
and
Frances E. Tallman, Administratrix of the Estate of Ellura G. Saddler, Deceased

v.

**DELAWARE, LACKAWANNA AND WESTERN RAILROAD.**

Civ. A. No. 25245.

United States District Court
E. D. Pennsylvania.

Sept. 23, 1960.

Schnader, Harrison, Segal & Lewis, Tom P. Monteverde, Philadelphia, Pa., for plaintiff.

Owen B. Rhoads, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

■ Plaintiffs' supplemental interrogatories 1 to 11, inclusive, 13 and 14 are filed under F.R.Civ.P. 33, 28 U.S.C.A. Defendant's basic objection to these interrogatories is that they are clearly requests for admission under F.R.Civ.P. 36. While plaintiff argues that the Court should always look to realities, we cannot ignore the differentiation between the two rules involved, the purposes and functions of which are separate and distinct. Jones v. Boyd Truck Lines, D.C., 11 F.R.D. 67.

■ Whether these supplemental interrogatories are phrased as they are

through design or through indifference of counsel is of no moment. If we were to permit all the inquiries authorized by the several rules of discovery to be indiscriminately commingled in one application filed under one rule, we would, under the guise of looking to realities, lend encouragement only to confusion and careless practice. It is not too much to expect of counsel that separate applications be filed in exercise of a party's rights under Rules 33, 34 and 36. United States v. New Wrinkle, D.C., 16 F.R.D. 35, 36.

See also 22 F.R.D. 487.

Considerations of convenience or brevity must yield to the necessity for order, clarity and precision.

### Order

Now, September 23rd, 1960, it is accordingly ordered that defendant's objections to plaintiffs' supplemental interrogatories 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13 and 14 are sustained.

Defendant's objections to plaintiffs' supplemental interrogatories 15(a) (b) (c) and 17(a) and (b) are overruled.