Frank D. JONES and Adora Jones,
Appellants,

v.

**IOWA STATE HIGHWAY COMMISSION,**
Acting for and in Behalf of the
State of Iowa, Appellee.

No. 52694.

Supreme Court of Iowa.

March 5, 1968.

------◆------

John D. Randall, Cedar Rapids, for appellants.

Richard C. Turner, Atty. Gen., Robert N. Merillat, Sp. Asst. Atty. Gen. for Iowa State Highway Commission, Ames, and Fisher & Pickens, Cedar Rapids, for appellee.

RAWLINGS, Justice.

Interlocutory appeal by plaintiffs from adverse rulings by trial court, prior to second trial of land condemnation case, relative to request for admissions and application for production of books or documents.

First trial resulted in judgment for plaintiffs. On defendant's appeal we reversed, holding challenged presentation of evidence as to price paid by condemnor or value determined by its appraisers for other land in the same project constituted prejudicial error. Jones v. Iowa State Highway Commission, 259 Iowa 616, 144 N.W.2d 277.

Subsequently, plaintiffs filed application for production of files and records in possession of defendant regarding entire condemnation program embracing plaintiffs' land, with request for admissions directed primarily to all other property purchases and transactions by condemnor in the same undertaking, with names and entire work product of professional appraisers and engineers employed or engaged by defendant on the whole condemnation project.

Trial court overruled both demands. With leave granted, plaintiffs appeal. Rule 332(a), R.C.P. We affirm.

I. Theoretically a party seeks to examine records in possession of an adversary in order to prepare for trial, while admissions are sought as a means of eliminating time consuming proof of pertinent facts or establishment of foundation for introduction of relevant documentary material. See 27 C.J.S. Discovery § 69, page 203, and § 97, page 278.

Of course, both stand in the field of discovery, are more or less interrelated, and will be here dealt with accordingly.

■ II. This court has repeatedly held rules relative to discovery are to be interpreted liberally. Cave v. Fountain, 258 Iowa 1232, 1235, 142 N.W.2d 436.

■ III. However, trial courts are vested with discretion measurably to control, limit and even prevent discovery in any form where, for good cause shown or evident, it will not in the opinion of the court promote the administration of justice in a particular case. See Cook v. Cook, 259 Iowa 825, 146 N.W.2d 273, 279; Kaltenheuser v. Sesker, 255 Iowa 110, 115, 121 N.W.2d 672; Hot Spot Detector, Inc. v. Rolfes Electronics Corp., 251 Iowa 647, 656, 102 N.W.2d 354; and 23 Am.Jur.2d, Depositions and Discovery, section 149, page 482.

■ As disclosed in Cook v. Cook, supra, this discretion is not unlimited. We have said it is a power to be utilized fairly

and impartially by the application of relevant, legal and equitable principles to all the known or readily available facts of a given issue or cause, to the end justice may more nearly be effectuated. English v. Seberg, Iowa, 150 N.W.2d 295, 300–301; and Cogley v. Hy Vee Food Stores, Inc., 257 Iowa 1381, 1385–1386, 137 N.W.2d 310. See also Smith v. Smith, 17 N.J.Super. 128, 85 A.2d 523, 524.

So the basic problem to be resolved is whether there was abuse of discretion on the part of trial court in overruling plaintiffs' discovery demands.

IV. In connection with denial of plaintiffs' application for production of documents (rule 129, R.C.P.), they contend trial court erred since no objections were filed by defendant, the matters involved being both relevant and within the scope of discovery. We shall deal with these claims in the order presented.

Plaintiffs cite no authority and none have been found requiring objections be asserted in response to a document production demand.

While presentment of written resistance may usually be deemed preferable in such instances, to aid the court if for no other reason, the rule contains no such requirement, either specifically or by inference.

Touching on this subject we held in Roberts v. DeKalb Agricultural Association, Inc., 259 Iowa 131, 143 N.W.2d 338, 342, the necessity for answers to interrogatories (rule 121, R.C.P.), may appear from the petition, answer, and questions propounded, in which event showing by affidavit or evidence (rules 80 and 116, R.C.P.), is not a prerequisite to an order directing answers be given.

Conversely, the same documents, in fact the entire record before the court, may well disclose there exists no cause to compel discovery by answer to interrogatories, admissions or production of books and papers.

The challenge by plaintiffs based on absence of objection to request for production of documents is without merit.

V. Turning now to plaintiffs' claimed right of inspection, the record reveals, prior to first trial, they filed interrogatories seeking substantially the same information now sought by their application to produce records. Objections by defendant were overruled and answers given in detail.

Furthermore, during first trial counsel for plaintiffs, on cross-examination, elicited from defendant's witnesses, more particularly appraisers, engineers and other experts, most if not all the information here solicited.

As stated in 27 C.J.S. Discovery § 30(3), page 89: "The purpose of pretrial examination is to discover evidential matter which is not known to the one seeking the examination; but merely because the party seeking examination has knowledge of the matters sought to be elicited, or can obtain from other sources the information sought, does not necessarily deprive him of the right to an examination as to those matters. However, an examination may be refused as to facts which are, or should be known to applicant, or which, by reasonable diligence, are easily capable as ascertainment; and a pretrial examination may properly be denied with respect to matters as to which the applicant would have more knowledge than the party sought to be interrogated."

Although knowledge as to factual information sought may not always afford sufficient basis upon which to deny right of inspection, it does, under conditions peculiar to the case at bar, lend more than a modicum of support to the order overruling plaintiffs' application for production of books and records. In other words, there existed a reasonable basis upon which trial court could logically conclude plaintiffs were adequately informed relative to material matters sought to be disclosed.

VI. It is also apparent plaintiffs, for the most part, are here seeking to obtain

not facts alone, but also unavoidably interwoven conclusions of experts employed or engaged by defendant.

Rule 140, R.C.P., provides, inter alia: "Subject to the restrictions in rule 141, a party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action, or for both purposes."

And, rule 141(a), provides in material part: "The deponent shall not be required and the court shall not order a deponent or party to produce or submit for inspection any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor or agent, in anticipation of litigation or preparation for trial unless satisfied that the denial of production or inspection will result in an injustice or undue hardship; *nor shall the deponent be required or the court order a deponent or party to produce or submit for inspection any part of a writing which reflects * * * the conclusions of an expert*." (Emphasis supplied.)

T. M. Ingersoll, attorney and chairman of Supreme Court Advisory Committee on Rules, in explaining the purpose and intent of that portion of rule 141(a), quoted supra, stated: "There was a great debate in the federal courts whether or not if you had employed an expert, the expert had made an investigation, and you had the expert ready for the witness stand, the adverse party could avoid expense by simply deposing your expert. It wasn't the intention of the committee in recommending these rules that they were intended to be an aid in the encouragement of indolence on the part of the bar, but rather they were to aid the vigilant. So an absolute protection was thrown around the testimony of a witness who is an expert. If you have prepared an expert witness to aid you in your case or consulted an expert witness, his opinion is absolutely protected except in

the case of the doctor." 7 Drake L.Rev. 3, 13.

United States v. 900.57 Acres of Land, Etc., 30 F.R.D. 512, involved a factual situation comparable to that presented in the case at bar, with no rule existing which barred discovery of an expert's conclusions. There the court held a property owner *not* entitled to obtain in advance of trial opinions of condemnor's expert appraisers. In so holding the court said, loc. cit., 30 F.R.D. 519:

" * * * the mere fact that interrogatories are submitted for answer and a motion for production of documents is served and filed does not determine whether the interrogatories should be answered or the documents should be presented for inspection and copying. It depends upon the information sought to be discovered. In the instant case the landowners are seeking to obtain in most instances information which is available to them, and they are not entitled to obtain in advance of a trial the opinion of the condemnor's expert appraisers, nor are they entitled to see and copy the appraisal reports. In fact, there is nothing to distinguish these cases from the ordinary condemnation case. The burden of proof is upon the defendant landowners to establish the market value of the land on the date it was acquired by the condemnor. Many factors enter into what may be considered and are admissible in evidence to establish just compensation, not only for the estate taken but for severance damage if any has occurred by reason of the taking.

Contained in the same case, loc. cit., 30 F.R.D. 521, is this pertinent statement: " * * * the landowners are entitled to recover the market value of the estates taken as of the date of the taking. The defendants are the owners of the lands. They and their neighbors are entirely familiar with the lands and are and will be able to testify as to the location, means of ingress and egress, kind and value of improvements which enhance the value of the lands,

availability of utilities such as telephone, electricity and gas, the state of the highways, rural mail routes, location of churches, schools, the fertility and productiveness of the lands, and the highest uses to which the land may be put by an owner, along with any other facts which a prospective buyer would be apt to consider in determining the market value.

"* * * In practically every controversy between the Government and the landowner as to just compensation, both sides have adduced testimony to establish any and all facts which might be relevant in ascertaining just compensation. Almost without exception, a witness testifying to such facts concludes his testimony by stating his opinion as to the market value, and in that manner justice is done to the Government and to the landowner. It would be an innovation and greatly prolong the trial at the expense of the parties were the court to fail to sustain the objections of the plaintiff to the interrogatories and to the motion for production of documents. In fact, as suggested by Judge Sanborn, such a holding would entirely divorce practical common sense from the trial and lead to rank injustice to either the Government or the landowner.

"Therefore the court in the exercise of its discretion (Jayson v. United States, 5 Cir. 1961, 294 F.2d 808, 811) feels that justice requires that the objections to the interrogatories and to the motions for production, inspection and copying of documents should be sustained, * * *."

Relative to the foregoing see also Edwards v. State Highway Commissioner, 205 Va. 734, 139 S.E.2d 845, 847–848; Hornback v. State Highway Commissioner, 205 Va. 50, 135 S.E.2d 136, 138–140; 41 Tulane L.Rev. 678; 38 F.R.D. 111, 114–119; and Annos. 97 A.L.R.2d 770.

We turn now to Bryan v. Iowa State Highway Commission, 251 Iowa 1093, 104 N.W.2d 562, but find it neither in point nor controlling. There the trial court ordered production for inspection the original papers and notes prepared by condemnor's appraisers. *On appeal by defendant commission* we affirmed because the issue as to discovery, barred under rule 141(a), supra, at no time asserted by defendant in trial court, could not be raised by it first time on appeal. But in the instant case appeal is by plaintiff landowners and they specifically raise the issue as having been considered and determined adverse to them by trial court.

Plaintiffs also cite and lean rather heavily on Crist v. Iowa State Highway Commission, 255 Iowa 615, 123 N.W.2d 424, contending it supports the view blanket discovery may be had as to defendant highway commission's records and expert witnesses.

In the cited case defendant highway commission was required to answer certain plaintiff propounded interrogatories (rule 121), by which defendant condemnor was asked to state number of appraisers employed to evaluate plaintiffs' property alone; names and addresses of all participating in that appraisal; whether written appraisal reports had been filed; the names of those so reporting; and identity of persons engaged by defendant commission having possession of the reports, et cetera.

Basing our decision on absence of disclosed prejudicial error in ordering answers to be given to the questions asked, without resolving the matter of facts versus conclusions, we affirmed trial court's order.

It is now evident plaintiffs, in the Crist case, for the most part if not entirely, were seeking facts not conclusions of experts, a subject discussed more in detail, infra.

In any event, Crist v. Iowa State Highway Commission, supra, is no longer controlling to the extent it may be in conflict with this opinion.

Trial court, in the case at bar, had ample reason to conclude plaintiffs' motion to pro-

duce books and records, as phrased, sought inextricable facts and opinions of experts. Their application discloses they sought all files and records relative to the entire condemnation project, named appraisers' reports, details of their appraisals and file of correspondence with respect to those reports.

Limiting ourselves to the matter of pretrial discovery, we are satisfied "fact" as opposed to "conclusion", while not easily distinguished can and should be differentiated. We recognized a distinction in Beardsley v. Ostrander, 254 Iowa 356, 358–360, 118 N.W.2d 61; Cody v. Toller Drug Co., 232 Iowa 475, 482, 5 N.W.2d 824; and Westman v. Bingham, 230 Iowa 1298, 1303, 300 N.W. 525. See also section 4.1(2), Code, 1966, and Annos. 97 A.L.R.2d 770, 779.

As here employed the word "fact" denotes a thing done, an action performed, that which has taken place, a known actual occurrence or event, things that in very truth have occurred or exist, an actuality. See City of South Euclid v. Clapacs, 6 Ohio Misc. 101, 213 N.E.2d 828, 832; and Black's Law Dictionary, Fourth Ed., page 706.

■ On the other hand "conclusion", as used in rule 141(a), signifies a result, mental deduction, inference or opinion drawn from known subordinate or evidentiary facts. Bates v. Old Mac Coal Co., Okl., 271 P.2d 315, 317; Hornback v. State Highway Commissioner, supra; and Black's Law Dictionary, Fourth Ed., page 362.

By way of illustration only, information obtained by an expert as to observed physical conditions of comparable properties and their known sales prices may constitute facts.

However, property valuation deduced by an expert, based in whole or in part upon training, experience, comparable sales and other factual criteria, falls within the sphere of a conclusion or opinion.

■ We now hold rule 141(a) does not preclude the obtaining of relevant factual information obtained and used by experts employed or engaged by an adverse party. But, it does specifically prohibit the securing by discovery procedures of conclusions or personal opinions arrived at or drawn by such experts.

Although this concept has admittedly been criticized generally (41 Ind.L.J. 509, and 13 So.Dak.L.Rev. 63), rule 141(a) is clear, specific and certain. If a change is to be effected in this state it must be by revision of the rule rather than judicial fiat.

■ Under existing conditions it is to us evident there is no reasonable cause to conclude trial court abused its discretion in overruling plaintiffs' application for production of books or documents.

VII. Regarding trial court's refusal to order compliance with request for admissions (rule 127, R.C.P.), plaintiffs claim error in that this is a part of discovery procedure, their demand was directed to relevant matters, some objections asserted by defendant were too general, and the court's adverse ruling was insufficiently detailed.

We are satisfied the reasoning and conclusions set forth in the foregoing divisions of this opinion are here applicable and serve to dispose of the matter at hand favorably to trial court's order.

In fairness to all concerned, however, a brief analysis of the subject is in order.

The record reveals most if not all information sought through this discovery approach was obtained by plaintiffs via answers to interrogatories prior to, and on cross-examination of defendant's witnesses during first trial.

Furthermore, the requests as made were generally in form and content incompatible with the intent and purpose of rule 127, which incidentally is patterned after Federal rule 36. See 43 Iowa L.Rev. 8, 28.

As previously noted the basic objective of rule 127 is to induce admissions as a means of obviating additional proof during trial with regard to any particular relevant matter.

In United States v. New Wrinkle, Inc., 16 F.R.D. 35, the court held requests for admissions should be simple and direct, limited to singular relevant facts, and not so framed as to permit insertion of voluntary statements or unresponsive matter. They should contain statements of fact which may be specifically and clearly admitted or denied.

The following will serve to illustrate plaintiffs recognized no limitations in their quest for admissions:

"35. That on the project which included the Jones' property, Mr. Wright worked alone. That Mr. Wright considered all of the sales which have been referred to herein as being sufficiently similar to aid Mr. Wright in his determination of the value of the Jones' property.

"36. That Mr. Wright considered the foregoing sales in putting a value on the Jones' farm.

"37. That as to every property which was purchased by the Defendant Commission on the project which included the Jones' property there was a deed with a stated consideration recorded in the office of the County Recorder and as to each of such properties there was a plat filed in the office of the County Auditor which likewise stated a consideration.

"38. That on the project which included the Jones' property the total consideration paid as to each of the properties purchased was shown on the plat and that the amounts on the plat of each of such properties showed the total amount paid for the purchase of such property.

"39. That the deeds recorded in the office of the County Recorder in connection with the project which included the Jones' property showed a consideration which was not necessarily what the Defendant paid for such property and showed on the plat."

■ There is no apparent or compelling cause to hold trial court abused its discretion in overruling plaintiffs' request for admissions.

VIII. Finally, plaintiffs claim as aforesaid, defendant's objections to their admission request were in some instances too general, and trial court's order was not in sufficient detail.

■ According to the record plaintiffs' contention relative to generality of defendant's objections is asserted the first time on appeal and need not be considered by us. See in this regard Verschoor v. Miller, 259 Iowa 170, 143 N.W.2d 385, 389, and citations.

As to plaintiffs' assertion trial court erred in summarily overruling the request for admissions, rule 118, R.C.P., provides: "A motion, or other matter involving separate grounds or parts, shall be disposed of by separate ruling on each and not sustained generally."

In Tice v. Wilmington Chemical Corporation, 259 Iowa 27, 141 N.W.2d 616, 620, this court said: "For good and self-evident reasons a ruling on each ground or part of a motion is looked upon with favor.

"However, we have held a violation of this rule does not constitute prejudicial error absent some compelling cause to hold otherwise. (Authorities cited.)"

■ In the instant case there is no evident reason to hold failure on the part of trial court to rule separately on each matter involved in the subject motion constitutes reversible error.

IX. The order of trial court overruling plaintiffs' application for production of books and documents, and request for admissions, must be and is

Affirmed.

All Justices concur, except LARSON, J., who concurs in result.