**Richard Leon VARNEY, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 89–1764.**

Court of Appeals of Iowa.

June 25, 1991.

Richard L. Ambelang of the Shelton Law Firm, Chariton, for appellant.

Thomas J. Miller, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., and Alan M. Wilson, Co. Atty., for appellee.

Considered by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ., but decided en banc.

DONIELSON, Judge.

Along with his wife and several other defendants, Richard Varney was charged with committing multiple acts of sexual abuse upon his two young daughters. The evidence at trial showed that during the summer of 1985 Varney's two natural daughters, A.V. and S.V., ages twelve and ten respectively, were repeatedly sexually

abused by numerous persons on three separate occasions which occurred in the Varneys' home. During all three episodes, Varney was present, as were three adult male friends of Varney. Varney's wife was present on two occasions. The girls were sexually abused (vaginal penetration) by all men then present, including their father. Both girls testified for the State at their parents' trial. One of the men present during the episodes of abuse also testified for the State, corroborating the testimonies of A.V. and S.V. Expert medical testimony was presented at trial which reflected that each of the child victims had suffered severe scarring and other damage to their genitalia as a result of chronic sexual penetrations.

In 1986, Varney was convicted of six counts of second-degree sexual abuse. He was sentenced to six consecutive twenty-five year prison terms. The convictions and sentences were affirmed by this court in *State v. Varney*, 423 N.W.2d 907 (Iowa App.1987).

Varney later filed this application for postconviction relief to challenge the imposition of consecutive sentences. The district court denied postconviction relief, and Varney has appealed. We now affirm.

I. *Ineffective Assistance Claim.* Varney's original application for postconviction relief contended the trial court lacked sufficient evidence to find that Varney was the "originator" of the sexual abuse. The postconviction court notified Varney of its intent to dismiss the application because this claim was not advanced on direct appeal and was therefore waived. *See* Iowa Code section 663A.6. Varney resisted the dismissal. Ultimately,[1] Varney argued that appellate counsel was ineffective in failing to raise the contention; this failure supplying Varney "sufficient reason" to raise the contention for the first time in the postconviction action. *See* Iowa Code section 663A.8; *Kane v. State*, 436 N.W.2d 624, 627 (Iowa 1989) (ineffective assistance

of appellate counsel may satisfy "sufficient reason" requirement).

A hearing was held on the ineffectiveness claim. Varney presented no additional testimony but did introduce the criminal trial transcript. The district court concluded Varney had failed to establish he had suffered actual prejudice by appellate counsel's omission of the issue on appeal and dismissed the application.

■ Varney contends he received ineffective assistance of counsel in his 1987 direct appeal because his appellate attorney did not adequately challenge the imposition of consecutive sentences. He argues the imposition of consecutive sentences was subject to challenge because the record did not support the sentencing court's stated reason, namely that Varney had been the "originator" of the sexual abuse even though his wife and others were also involved.

■ Ordinarily, our review of postconviction relief proceedings is for errors of law. *Hinkle v. State*, 290 N.W.2d 28, 30 (Iowa 1980). However, when a postconviction petitioner asserts a violation of constitutional safeguards—such as ineffective assistance of counsel—we make our own evaluation based on the totality of the circumstances. This is the equivalent of de novo review. *Id.*

In order to prevail on such a claim, appellant must show by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *See Edman v. State*, 444 N.W.2d 99, 101 (Iowa App.1989); *State v. Risdal*, 404 N.W.2d 130, 131 (Iowa 1987). In evaluating counsel's performance, we presume that counsel acted competently. *See Risdal*, 404 N.W.2d at 131. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we will follow that course. *Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1984).

Varney has failed to establish a reasonable probability that the result of the ap-

---

1. The district court did dismiss the application on the basis that Varney had waived the contention. As a result of an appeal, our supreme court remanded the case for the limited purpose of providing Varney an opportunity to produce evidence concerning the alleged ineffectiveness of appellate counsel. A hearing was held on March 9, 1990.

peal would have been different but for counsel's omission of the asserted contention. From the evidence presented at Varney's trial, the sentencing court could reasonably have concluded that Varney was the "originator" of the sexual abuse upon his daughters. The four men involved in the assaults on the girls were Varney and three of his male friends. Varney's wife disliked the three friends. There was testimony that Varney requested or initiated the others' involvement in the abuse. Varney was present on all three occasions; his wife was present on two occasions. There was also testimony that at least twice Varney sought and received payment from the men after they had engaged in the sexual assaults. Even if appellate counsel had raised the contention that the "originator" statement by the sentencing court was not supported by direct testimony, we conclude substantial evidence supported the finding. Even had appellate counsel raised the issue, the result of the appeal would not have been different.

The district court properly denied applicant's claim of ineffective assistance of appellate counsel.

II. *Newly–Discovered Evidence.* Varney also contends he should receive postconviction relief on the additional ground of newly-discovered evidence. He alleges his daughters have told their grandparents that they lied in their trial testimony. He argues the district court erred by refusing to let him amend his postconviction application to add newly-discovered evidence as an additional ground for relief. He asserts the district court erred by concluding he had failed to make any credible showing of a recantation by the daughters. He also asserts the district court erred by refusing to let him engage in discovery of the daughters to support his requested amendment.

Iowa Code section 663A.2(4) provides that an individual who has been convicted of a public offense may seek postconviction relief if there is substantial evidence of material facts, not previously presented, which would require vacating the conviction. An applicant alleging newly-discovered evidence as a ground for postconviction relief must show: (1) the evidence was not discovered until after judgment; (2) the evidence could not have been discovered earlier through the exercise of due diligence; (3) the evidence is material to the issue, not merely cumulative or impeaching; and (4) it would probably change the result if a new trial is granted. *Jones v. Scurr,* 316 N.W.2d 905, 907 (Iowa 1982).

In order to address Varney's claim of newly-discovered evidence, we must first address two preliminary issues: (A) whether the district court erred in refusing to amend the postconviction relief application; and (B) whether the district court erred in refusing to allow Varney to question his daughters about the alleged recantation of testimony.

At a hearing held on September 29, 1989, the district court had before it Varney's motion to compel discovery, Varney's motion to amend his application, the State's and guardian ad litem's resistances to these motions, and Varney's resistance to the court's notice of its intent to dismiss the application. A hearing was held.

Evidence presented at the hearing included the following. (1) A letter written by A.V. to her grandmother which reads in part:

> Are we going to court? Hope so. Because I want to go [unreadable] on the stand and testify. I've been trying to get on the stand, too. I talked to Janet. She asked us if we wanted her to get us off the hook from always testifying. [S.] said "yes." I said "no." Not when [S.] was around (of course) Janet's the only one that knows.

(2) Testimony of the grandmother to the effect that S.V. had said she was badgered into lying at her parents' trial. We do not know about what she claimed to have lied. Grandmother also testified that A.V. said S.V. lied at the trial but that A.V. never lied on the stand. Grandmother testified these statements were made in 1986 or 1987. (3) Testimony of the grandfather that he also heard this conversation but he thought both girls mentioned that they had lied. The grandfather believed the conver-

sation had occurred in 1989. (4) An affidavit by A.V. which reads in part:

> 3. That I do not want to testify in this matter ever again. I do not want to go back to court about the criminal charges filed against the Plaintiff [Richard Varney] herein regarding sexual abuse of myself.
>
> 4. I wrote the above referenced letter [see (1) above] to my Grandparents because I felt that I was saying what they wanted me to say, and I wanted to please my grandparents so that I could live with my grandmother.
>
> 5. I do not want to change my testimony given at the original trial of the above named Plaintiff, Richard Leo Varney.
>
> 6. I do not want to have to give any more statements or talk about what my "Dad", Richard Leon Varney did to me in the past anymore.

(5) Testimony of the social worker, Janet Taylor, who has been involved with Varney's daughters since 1987. The social worker testified that the reference in A.V.'s letter to testifying in court had to do with a then-upcoming child in need of assistance review hearing. She also testified that in her counseling sessions with the girls over the prior two years they had never changed their assertions that they had been sexually abused by their father. The social worker also testified that allowing Varney to question the girls about his allegations would be seriously detrimental to their emotional recovery. (6) A professional statement by the guardian ad litem in which he stated he had talked with A.V. and S.V. the previous day. A.V. advised him she did not want to change her trial testimony, she did not lie in her original testimony, she did not want to testify in this matter, and she did not want to go back to court on behalf of her parents. S.V. did not want to talk with the guardian ad litem about this matter.

On the basis of evidence presented at the hearing on the motions and resistances, the district court determined that Varney had produced no credible evidence to indicate the girls had lied at the criminal trial. The district court concluded that whether or not Varney was allowed to amend his application for postconviction relief, Varney had failed to make out a prima facie case of newly-discovered evidence. Additionally, the district court balanced the girls' rather fragile emotional health and the suspicion with which courts view recantations of trial testimony, *see State v. Jackson,* 223 N.W.2d 229, 234 (Iowa 1974), against the applicant's tenuous assertions of newly-discovered evidence. The district court concluded further discovery of the girls' purported recantations of earlier testimony would not be allowed. As a result of these conclusions, the district court denied Varney's motion for discovery of his daughters, denied Varney's motion to amend the application for postconviction relief, and dismissed the petition.

Varney contends the district court erred in denying his motion to amend his application and in denying his motion for discovery. Without the amendment, discovery of applicant's daughters could properly be denied as having no relevance to his postconviction application which alleged only that the sentencing was entered in error. However, Varney contends that without the discovery he has been denied his ability to establish the grounds for his amendment to the application. Varney complains that he has been forced into a "Catch 22" situation.

■ A. *Amendment.* For the sake of argument we will assume the district court erred in refusing to allow Varney to amend his application for postconviction relief. *See* Iowa R.Civ.P. 88 ("Leave to amend * * * shall be freely given when justice so requires.") Nonetheless, we do not find that the error calls for a reversal. The district court provided Varney with the opportunity to present his contention to the court, evidence on the issue was submitted, arguments were heard, and the court fully considered the contention. While technically the district court did not allow the amendment, it did allow a full hearing on the matter and allowed the presentation of the newly-discovered evidence Varney possessed.

■ B. *Discovery.* A trial court has wide discretion in discovery matters, and an appellate court will not reverse unless that discretion is exercised on clearly untenable grounds. *Hense v. G.D. Searle & Co.*, 452 N.W.2d 440, 445 (Iowa 1990). If the record reflects that allowance of a discovery request will not promote the administration of justice in that particular case, a denial of discovery is not an abuse of discretion. *Jones v. Iowa State Highway Comm'n*, 261 Iowa 1064, 1067, 157 N.W.2d 86, 87 (1968). Iowa Rule of Civil Procedure 123(a) authorizes the denial of discovery to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense * * *" for good cause shown.

■ We recognize that the complete denial of discovery is rarely appropriate. However, under the circumstances of this case we conclude the district court did not abuse its discretion. Varney was not completely denied an opportunity to present evidence on his allegation; he presented the testimony of two witnesses and a written document. Furthermore, Varney had the opportunity to question the veracity of his victims at his criminal trial. We conclude the district court properly weighed the interests of Varney's need for the information with the girls' need for protection. Reviewing the record before this court, especially in the light of the suspicion with which we view recantations of trial testimony, we are convinced the district court could properly find the applicant's daughters were entitled to be protected from further trauma related to the sexual abuse. We find no abuse of discretion.

■ C. *No Entitlement to New Trial.* We also conclude that the evidence presented by Varney does not require that he be given a new trial on the ground of newly-discovered evidence. We agree with the district court that Varney failed to make out a prima facie case. A.V.'s letter does not indicate that she lied on the stand. The girls' grandmother testified that S.V. said she lied at the trial. The girls' grandfather testified that he heard both girls mention lying. This evidence, given its greatest possible weight, has impeachment value only. Newly-discovered evidence which is merely cumulative or impeaching does not entitle one to a new trial. *Jones v. Scurr*, 316 N.W.2d at 907.

Furthermore, even without the testimony of one or both of the victims, the other evidence presented at Varney's trial would have been sufficient for the convictions. Without the probability of a different result, a new trial is not warranted. *Id.*

For all the reasons stated, we affirm the dismissal of Varney's application for postconviction relief.

AFFIRMED.

All Judges concur except SCHLEGEL and HAYDEN, JJ., who specially concur.

SCHLEGEL, Judge (specially concurring).

I concur in the result reached by the majority. I agree that Varney has not shown that he is entitled to a new trial, and I agree that he did not bring forth proof of newly discovered evidence. His conviction was proper and should stand.

My concern, however, is that in its reliance on *Jones v. Scurr*, 316 N.W.2d 905, 907 (Iowa 1982), the majority weakens its holding as to the supposed newly-discovered evidence and elevates dictum to authority for a totally new and unique rule of lack of prejudice. *Jones v. Scurr*, in dictum, attempts to establish a rule that before newly discovered evidence may cause a new trial (among other requirements), that the defendant must show that with the newly discovered evidence, the result would *probably* be different. While that is the general thrust of the statement in *Scurr*, it is not necessary to the outcome of the case—much the same as in this case—and through dictum, states a rule that is without authority.

Were the statement the rule, we would have placed upon a defendant the burden of showing, not that the newly discovered evidence might have an effect upon the outcome, but that it probably would have resulted in an acquittal. I don't think that is the proper use of dictum.

The decision by the majority is correct. It should not be weakened by saying, in effect, "even if we are wrong, it would make no difference anyway, because even so, the party has not shown that the result would probably be different." We should be secure in the ruling that Varney did not satisfy the requirement that the evidence was in fact newly discovered. We do not need to add dictum which consists of prior dictum.

HAYDEN, J., joins this special concurrence.